UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BOZEMAN, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:03 CV 1670 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter arises on Movant Michael Bozeman, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed November 19, 2003. (Doc. No. 1). In 2003, Bozeman pled guilty to possession with intent to distribute cocaine base. This Court sentenced him to 60 months imprisonment followed by supervised release for a term of 60 months. He now asks the Court to vacate, set aside, or correct his sentence. For the reasons stated below, the Court denies Bozeman's motion.

**I.   BACKGROUND**

Acting on a tip from an informant, in March, 2002 the St. Louis City police executed a search warrant on Bozeman's home. They were admitted by Bozeman's longtime girlfriend who also lived in the home. The police found over 5 grams of cocaine base, a small amount of marijuana, and a loaded firearm. (Response to Show Cause Order, Doc. No. 9, at 1-2).

Bozeman was charged by indictment with one count of possession with intent to distribute

1

over 5 grams of cocaine base under 21 U.S.C. § 841(a)(1). He was assigned a federal public defender, but later retained Bradford Emert, a private attorney. At Emert's request, the Court ordered an examination to determine Bozeman's competency to stand trial, as well as his mental condition at the time of the offense. (Memorandum and Finding of Competency, Doc. No. 52). After reviewing a report from the examination and holding a hearing, the Court found Bozeman was competent to proceed in the matter. (Id.). On April 10, 2003, Bozeman pled guilty to the charge, (Change of Plea Proceedings, Doc. No. 53) and signed a Stipulation of Facts Relative to Sentencing. The Stipulation specifically stated "[t]here is no plea agreement," and Bozeman did not waive his right to appeal. (Stipulation, Doc. No. 54). This Court sentenced him to 60 months imprisonment followed by supervised release for a term of 60 months. His offense level included a 2 level enhancement for possession of a dangerous weapon. U.S.S.G. § 2D1.1(b)(1). Bozeman did not appeal. He filed the instant pro se § 2255 motion on November 19, 2003, and added an additional claim on January 5, 2005.

As grounds for his § 2255 motion, Bozeman alleges that:[1]

(1) he received ineffective assistance of counsel;

(2) his arrest and the search of his home and car were unconstitutional;

(3) he did not enter his guilty plea voluntarily;

(4) he is innocent of the charges;

(5) his sentence violates his Sixth Amendment rights under United States v. Booker, 543

---

[1] The Court has reorganized Bozeman's claims for clarity.

2

U.S. 220 (2005).[2]

## II.     STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

---

[2]     Bozeman cites Blakely v. Washington, 542 U.S. 296 (2004) in his motion, but references Booker, which was pending before the Supreme Court at the time. The Court will construe it as a Booker claim. Booker extended Blakely's holding to cover the Federal Sentencing Guidelines.

3

## III.     PROCEDURAL DEFAULT

Bozeman did not pursue a direct appeal to the Eighth Circuit and therefore did not raise any of the current claims on direct appeal. If a claim could have been raised on direct appeal, but was not, it cannot be raised in a § 2255 motion unless Movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 168 (1982); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997); Schneider v. United States, 981 U.S. 989, 990 (8th Cir. 1992). If Movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person. . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the court that "it is more likely than not that no reasonable juror would have found movant guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327 (1995). See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion).

Movant has not shown cause and actual prejudice to excuse his failure to raise his claims on direct appeal. See Frady, 456 U.S. at 168. Moreover, Movant has not presented new evidence tending to establish that he is actually innocent of the crimes to which he pled guilty and was sentenced.[3] See Schlup, 513 U.S. at 327. Accordingly, Movant's second, third, and fourth claims

---

[3] Even if he had produced new evidence, Bozeman would still fail to make a viable claim of actual innocence. His sole argument for actual innocence is that, because the substance found had a total weight of 5.30 grams and was at most 50% pure, no more than 2.65 grams of cocaine base were recovered. Thus, he cannot be guilty of violating 21 U.S.C. § 841(a)(1). (§ 2255 Motion, Doc. No. 2, at 15). This argument fails because it ignores the plain language of the statute: "5 grams or more of a *mixture or substance* . . . which *contains* cocaine base." 21 U.S.C. § 841(b)(1)(B)(iii) (emphasis added).

in his § 2255 Motion are procedurally barred.

Movant's claim for ineffective assistance of counsel is not subject to procedural default because it could not have been raised on direct appeal. An ineffective assistance of trial counsel claim is "usually not cognizable on direct appeal 'because facts outside the record generally need to be developed to resolve the claim.'" United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (quoting United States v. Hawkins, 78 F.3d 348, 351 (8th Cir. 1996)). Thus, it is well-settled that an ineffective assistance of counsel claim is not cognizable on direct appeal if the issue has not been previously examined by the trial court. See e.g., Jones, 121 F.3d at 370 (citing United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980)); United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1990) ("Ordinarily we do not consider ineffective assistance of counsel arguments in direct appeals"); United States v. Long, 857 F.2d 436, 448 (8th Cir. 1988) (Bowman, J., concurring) ("It is both inappropriate and unwise for an appellate court to consider on appeal issues that the trial court has not had an opportunity to consider and with respect to which a record has not been developed"). Because this Court did not examine Movant's ineffective assistance of counsel claim in any trial or post-trial proceeding, the claim was not cognizable on direct appeal. Therefore, Movant's ineffective assistance of counsel claim is not procedurally barred, and may be decided by the Court in this § 2255 motion.

## IV.     DISCUSSION

### A.     Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial."

5

Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Because Movant pled guilty, Movant must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Mathews v. United States, 114 F.3d 112, 113-14 (8th Cir. 1997).

Movant alleges he received ineffective assistance of counsel because:[4]

  (1) he was mentally ill;

  (2) he alleges that his attorney did not have adequate experience in criminal law, failed to fully research the issues involved, and did not file an appeal;

  (3) his attorney failed to seek to suppress the evidence against Bozeman;

  (4) his attorney allowed him to plead guilty, even though Bozeman alleges that his plea agreement was unconstitutional; and

  (5) his attorney failed to seek a departure under the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a);

The Court will address each ground separately.

---

[4] Once again the Court has reorganized Bozeman's claims for clarity.

1. <u>Mental Illness and Plea Agreement not Voluntary</u>

Bozeman alleges that he received ineffective assistance of counsel because he did not understand the proceedings and because he is mentally ill. In support of this, Bozeman maintains that his attorney did not fully explain the effect of the plea or the nature of the charges to him, did not investigate his mental illness, and did not argue for a downward departure because of his mental illness or rehabilitation.

Bozeman's allegations are unsupported by the record. He argues that the guilty plea is invalid, because, due to the existence of a mandatory minimum sentence for the offense charged, he did not receive a reduced sentence in return for the plea.[5] (§ 2255 Motion, Doc. No. 2, at 5). Bozeman appears to be arguing that the Government should have requested a departure under 18 U.S.C. § 3553(e). This provision permits the Court, on motion by the Government, to depart below the statutory minimum "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). The record contains no evidence, however, that Bozeman provided such assistance to the Government.

He further asserts that his attorney failed to investigate his mental illness and failed to request a downward departure due to his mental illness. This too is contradicted by the record. Emert, Bozeman's attorney, requested a psychiatric examination of his client, and requested a downward departure due to his mental condition. From its hearing and review of the psychiatric report, the Court found Bozeman competent. In addition, at the change of plea hearing the Court questioned Bozeman about his mental condition and about the medications that he was taking and found him

---

[5] Bozeman received a three point reduction in his offense level for acceptance of responsibility. This caused the lower end of his Guidelines range to be below the statutory minimum. The Court sentenced him to the statutory minimum.

competent to plead guilty. (Transcript, 4:02cr175JCH, Doc. No. 67, at 5-7).

Bozeman's claims that he did not understand the proceedings are contradicted by his own statements and by an affidavit submitted by his trial attorney. During the change of plea hearing, the Court asked him many questions about his understanding of the proceedings, his satisfaction with his attorney, and whether his attorney explained the stipulation of facts to him. (Transcript, 4:02cr175JCH, Doc. No. 67, at 7-15). Bozeman responded that he was satisfied with Emert, and that he understood the proceedings and the stipulation of facts. At one point, Bozeman even pointed out a misstatement on the Government's part. The Government agreed with Bozeman and corrected itself. (Transcript, 4:02cr175JCH, Doc. No. 67, at 14-15). In addition, Emert provided the Court with an affidavit addressing Bozeman's ineffective assistance of counsel claims. (Affidavit, Doc. No. 23). In the affidavit, Emert asserts:

> Mr. Bozeman and I extensively reviewed the Stipulation of Facts relative to sentencing. Specifically, I explained to Mr. Bozeman his rights of appeal concerning sentencing. Also, Mr. Bozeman agreed that he was fully satisfied with his representation and that he fully understood the government's case, possible defenses, and defense witnesses, and that his counsel completely and satisfactorily explored all areas which the defendant requested relative to the government's case and his defense.

(Id.).

As stated above, to prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Here, Bozeman has not met the first prong of Strickland.

2. Attorney's Experience and Abilities

Bozeman next asserts that his attorney did not have adequate experience in criminal law, failed to fully research the issues involved or spend adequate time with Bozeman, and failed to file an

8

appeal. Bozeman maintains that Emert's expertise was in civil litigation, not criminal defense. Even if this were true, it would not constitute deficient performance. Emert states in his affidavit that he has represented over two hundred defendants in criminal matters, ranging from misdemeanors to murder. He also states that he "spent countless hours researching" Movant's case, had several telephone conversations with Movant while he was incarcerated prior to his plea of guilty, and "extensively reviewed the Stipulation of Facts relative to sentencing.". (Affidavit, Doc. No. 23, ¶¶ 11, 13, 17, 18). Lastly, Emert states that Bozeman never asked him to file an appeal. (Id. ¶ 16).

Again, to prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Here, Bozeman has not met the first prong of Strickland.

### 3. Search Warrant and Evidence Against Bozeman

Bozeman next argues that he received ineffective assistance of counsel because his attorney did not seek to suppress the cocaine base and firearm.[6] He asserts that the cocaine base and firearm were obtained with a faulty or non-existent warrant, and that Emert was deficient in not attempting to suppress them. Bozeman maintains:

---

[6] Bozeman also argues that his attorney was ineffective because he did not argue that Bozeman did not have physical possession of the gun, which was found under the mattress. He cites cases which discuss "passive" possession in the context of firearms offenses, not for sentence enhancements, as here. (§ 2255 Motion, Doc. No. 2, at 14). The Eighth Circuit has stated that the level of proof of possession required for sentence enhancements for firearms is lower than for firearms offenses. United States v.Wattree, 431 F.3d 618, 623 (8th Cir. 2005) (for defendant convicted of drug and firearm offenses, "even if acquitted of the firearm charge, [defendent] could have received a two-level increase [under U.S.S.G. § 2D1.1(b)(1)] for the drug offenses, unless it was 'clearly improbable' that the weapon he possessed was connected to the drug offenses.").

9

> Mr. Emert failed to get a suppression of evidence on the alleged drugs and firearms which was not found nor linked to the Defendant, Michael Bozeman, Jr. Mr. Emert failed to research the fact that there was a lack of a warrant or search warrant at the time of the arrest of the Defendant, Michael Bozeman, Jr. When the Defense Counsel, Bradford C. Emert, was asked by the Defendent, Michael Bozeman, Jr., for a copy of the search warrant, Mr. Emert provided a copy of an Affidavit in Support of Search Warrant. Mr. Emert failure to adequately research the search warrant affidavit which would have proved that it lacked particularity and in addition, the warrant affidavit contained false statements made in reckless disregard for the truth. Mr. Emert should have fully known that no reasonable officer would have relied on such a deficient warrant.

(§ 2255 Motion, Doc. No. 2, at 8) (case citations omitted).

In response, Emert states in his affidavit that he "spent countless hours researching the search warrant issues, and fully disclosed and discussed [the] findings with Mr. Bozeman." (Affidavit, Doc. No. 23 ¶ 18).

Bozeman's contentions regarding the search warrant and affidavit are merely conclusions without factual support. They are inadequate to show any deficiency in his attorney's performance. To prevail on an ineffective assistance of counsel claim, Bozeman must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Here again, he has not met the first prong of Strickland.

### 4. Constitutionality of Plea Agreement

Next Bozeman argues that his attorney was ineffective because he "allowed the defendant to plead [guilty] which was unconstitutional due to the 'mandatory minimum' statute which would be imposed." (§ 2255 Motion, at 8). Bozeman fails to explain how the minimum sentence makes his plea of guilty unconstitutional. His suggestion that he did not understand the mandatory minimum sentence he faced is contradicted by his own statements at the change of plea proceedings:

THE COURT: Mr. Bozeman, are you aware that the maximum possible penalty for

this offense is a fine of not more than $2 million or imprisonment of not less than five years not more than 40 years, or both a fine and imprisonment, as well as a period of supervised release following any imprisonment of five years?
A: Yes, ma'am.

(Transcript, 4:02cr175JCH, Doc. No. 67, at 10). In addition, Emert states that he and Bozeman "discussed the range of punishment and applicable guidelines. [Bozeman] indicated that he understood the range of punishment and applicable guidelines." (Affidavit, Doc. No. 23 ¶ 13).

As above, to prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Again, Bozeman has not met the first prong of Strickland.

5.  Safety Valve

Bozeman next argues that his attorney was ineffective for not arguing for a departure under the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). These provisions both state:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) . . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act;
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the

11

> defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a).

The Court notes that Bozeman was not eligible for a departure under the safety valve provision, because he possessed a firearm in connection with the offense. 18 U.S.C. § 3553(f)(2). Thus, his attorney was not ineffective for not seeking application of the safety valve provision.

Once again, to prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Here, Bozeman has not met the first prong of Strickland.

Bozeman has not proven that his attorney's performance was deficient in any way. As he has failed to meet the first prong of Strickland in any of his arguments, his argument for ineffective assistance of counsel does not succeed.

### B.     Violation of Sixth Amendment Rights under Booker

Bozeman's last claim is that his Sixth Amendment rights were violated under United States v. Booker, 543 U.S. 220 (2005). This claim will not succeed because Booker claims may not be raised on collateral appeal. Never Misses A Shot v. United States, 413 F.3d 781, 784 (8th Cir. 2005). The Court also notes that even if Bozeman could challenge his sentence, it would not be invalid under Booker. The maximum sentence for violation of 21 U.S.C. § 841(a)(1) is 40 years in prison. Bozeman's sentence of 60 months (five years) is the bottom of the statutory range. 21 U.S.C. § 841(b).

Bozeman's motion to vacate, set aside, or correct his sentence because his Sixth Amendment rights were violated is denied.

## V.     CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 8th day of February, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE